■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC L. WILCOX, Appellant. [603 NYS2d 199] —Crew III, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered March 27, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree, and the violation of unlawful possession of marihuana.

Defendant's convictions arise out of the seizure of controlled substances found in a motor vehicle which he was operating and resolution of this case turns on whether the police exceeded permissible constitutional bounds in searching that vehicle. We think not.

On June 16, 1990 defendant was operating a motor vehicle on Interstate Route 88 in the Town of Cobleskill, Schoharie County, when he was stopped by State Police Officer George Bird for speeding. Defendant was unable to produce any identification for himself or the vehicle, including an operator's license, as a result of which Bird arrested him for unlicensed operation of a motor vehicle and speeding. As a result of a search incident to that arrest, Bird found in defendant's pockets a straw cut at a 45-degree angle attached to tweezers and a glassine envelope containing a white powdery residue which Bird opined was a controlled substance. Bird then asked whether the vehicle contained any drugs and defendant's passenger, David Willis, stated that a bag of marihuana was on the passenger-side floor. Bird found the bag of marihuana and proceeded to conduct a full-blown search of the vehicle, which resulted in the seizure of a large quantity of cocaine as well as heroin.

Contrary to defendant's assertions, defendant's arrest was warranted based upon his failure to produce a driver's license or personal identification and the search of defendant was incident to that lawful arrest *(see, People v Ellis,* 62 NY2d 393, 396; *People v Rodriguez,* 122 AD2d 895, 896, *lv denied* 68 NY2d 1003). Willis' statement to Bird that there was marihuana in the vehicle provided probable cause to search pursuant to the automobile exception to the warrant requirement

*(see, People v Blasich,* 73 NY2d 673, 678-679), which search extended to every part of the vehicle and its contents *(see, People v Langen,* 60 NY2d 170, 179-180, *cert denied* 465 US 1028). Additionally, once Bird found defendant in possession of drug paraphernalia, he had probable cause to believe that the vehicle contained drugs for use in connection with that paraphernalia *(see, People v Galak,* 81 NY2d 463, 467-468; *People v Burghart,* 177 AD2d 866, 869, *lv denied* 79 NY2d 998). Accordingly, County Court properly denied defendant's motion to suppress.

Defendant's contention that the trial evidence was legally insufficient to support the jury's finding of his possession with intent to sell is equally without merit. Bird testified that he seized 35 glassine packets from the vehicle, each marked with the inscription "Absolute". He further testified that dealers have specific brand names for their heroin and that "Absolute" was a brand name for heroin. Finally, he testified that a random field test of the contents of one packet was positive for heroin. A random laboratory analysis of another of the packets was also positive for heroin. Additionally, the evidence revealed that the search resulted in the seizure of a cutting agent. There was also testimony that a white powdery substance, including 103 individual packets, was seized from the vehicle which later tested positive for cocaine. Notwithstanding defendant's protestations that the packets were randomly tested and that there was no scientific evidence that each contained heroin or cocaine, the jury could certainly infer that each contained a controlled substance and that defendant possessed them with the intent to sell *(see, People v Orta,* 184 AD2d 1052, 1054-1055; *People v Blue,* 173 AD2d 836; *People v Fuller,* 168 AD2d 972, *lv denied* 78 NY2d 922). We have considered defendant's remaining contention and find it likewise without merit.

Yesawich Jr., J. P., White, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.