■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIGEL S. Ross, Appellant. [644 NYS2d 336] —Casey, J.

Defendant contends that evidence obtained by the police in the execution of a search warrant should have been suppressed because the search warrant was invalid. According to defendant, the warrant was improperly based upon items seized during an illegal "pretextual" stop of his vehicle and upon unreliable information. During the suppression hearing, defense counsel conceded that the police had the right to stop defendant's vehicle due to a faulty muffler. Defendant contends, however, that the violation of the Vehicle and Traffic Law cannot be a mere pretext to investigate an unrelated matter (*see, e.g., People v Ynoa*, 223 AD2d 975 [where the police used a headlight infraction as a pretext to stop a vehicle suspected to contain cocaine and brought in a specially trained dog to search the vehicle]). Although the officer who stopped defendant's vehicle was aware that defendant was suspected of trafficking in drugs, there is ample evidence in the record to support the conclusion that the vehicle was stopped due to the traffic infraction. The stop was clearly justified (*see, People v Thomas*, 210 AD2d 269, *lv denied* 84 NY2d 1039) and the mere fact that the officer also was aware that defendant was suspected of drug trafficking did not affect the legality of the officer's conduct (*see, People v Coggins*, 175 AD2d 924, 926).

As the initial stop was justified, the relevant inquiry is

whether the limited seizure effected by the stop was reasonably related in scope to the circumstances which justified the detention in the first instance (*see, People v Banks*, 85 NY2d 558, 562, *cert denied* — US —, 116 S Ct 187). Upon stopping the vehicle, the officer asked defendant for his license and registration. When defendant was unable to produce anything other than a temporary license with no photograph, the officer used his radio to determine that defendant's license had been revoked. The officer's conduct was clearly permissible and reasonable, as was the subsequent arrest of defendant for aggravated unlicensed operation (*see, People v Ellis*, 62 NY2d 393, 396; *People v Wilcox*, 198 AD2d 544, *lv denied* 82 NY2d 932). The police also acted properly in conducting the inventory search of defendant's impounded vehicle in accordance with State Police procedures (*see, People v Scott*, 210 AD2d 920, 921, *lv denied* 85 NY2d 942; *see also, People v Clark*, 210 AD2d 701). The items seized were, therefore, properly before the Magistrate as part of the application for the search warrant. We reach the same conclusion as to the items seized from defendant's person during the search of defendant incident to the lawful arrest (*see, People v Wilcox, supra*).

Defendant's other challenge to the search warrant, based upon a claim that certain information was unreliable, is meritless. Assuming defendant is correct, the application was supported by sufficient independent, lawfully acquired information to provide the necessary probable cause and, therefore, the error identified by defendant is not sufficient to vitiate the finding of probable cause (*see, People v Harris*, 62 NY2d 706, 708; *see also, People v Ronning*, 137 AD2d 43, 48, *lv denied* 72 NY2d 866).

Defendant's remaining arguments merit little discussion. The evidence of defendant's prior possession of numerous packets of a white substance was necessary to show defendant's knowledge of the drugs he was charged with possessing, as well as his dominion and control over them. The probative value of the evidence, therefore, outweighs its prejudicial effect (*see, People v Alvino*, 71 NY2d 233). Defendant failed to object to the introduction of the large amount of cash that he now claims was highly prejudicial and the claimed error is an insufficient basis for the exercise of our discretionary authority in the interest of justice (*see*, CPL 470.15 [6]). We also find no merit in defendant's claim that the verdict is against the weight of the evidence. There is ample evidence of defendant's constructive possession of both the cocaine and the handgun. Finally, we see no basis to disturb the sentence (*see, People v Allen*, 191 AD2d 752, *lv denied* 81 NY2d 1010).

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.