■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER REYNOLDS, Appellant. [658 NYS2d 433] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered August 30, 1993, convicting him of murder in the second degree (two counts), burglary in the first degree, burglary in the second degree, arson in the third degree, and attempted burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, there was probable cause for his arrest. The evidence clearly establishes that the defendant was arrested for attempted burglary, and that the arrest was not a sham. "[N]or could it be made so because the police were naturally more anxious to question defendant about the [murder], a crime newer and graver than the [attempted burglary] charge" *(People v Cypriano,* 73 AD2d 902, 903; *see, Whren v United States,* 517 US 806; *People v McCoy,* 239 AD2d 437). A defendant's Fourth Amendment rights are not violated even if the purpose of a lawful arrest is to question him about another offense *(People v Cypriano, supra; see also, People v Acuna,* 145 AD2d 427; *People v McCoy, supra).*

The defendant also failed to establish that the statements made by him to detectives should have been suppressed because he was intoxicated at the time. For a statement to be suppressed because the defendant was intoxicated when it was made, the degree of inebriation must have risen to the level of mania *(People v Schompert,* 19 NY2d 300, *cert denied* 389 US 874; *see also, People v O'Keefe,* 191 AD2d 464; *People v Roth,* 139 AD2d 605). There was no clear evidence at the hearing that the defendant had reached that stage *(see, People v O'Keefe, supra; People v McClaney,* 135 AD2d 901).

The manner in which the defendant was treated by the police does not suggest that the statements were the product of coercion. The interrogation of the defendant was not continuous but, rather, had sufficient breaks. The defendant was offered food, but he declined to eat. He asked for, and was given, water. The defendant was also offered cigarettes, which he accepted. He was permitted to use the bathroom and was given an opportunity to place a telephone call to his sister, during which he was overheard stating that he killed the lady up the block and had confessed to the police. Consequently, based on the totality of the circumstances, suppression of his statements was properly denied *(see, People v Anderson,* 42 NY2d 35; *People v Garcia,* 216 AD2d 319; *People v Baker,* 208 AD2d 758).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.