■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN GELLEY, Appellant. [660 NYS2d 588] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 12, 1995, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the weapons recovered from the taxicab in which he was a passenger should have been suppressed because the police stop of the taxicab was a pretext. However, the record shows that the officers properly stopped the taxicab upon observing it drive through a red light *(see, People v Batista,* 88 NY2d 650; *People v Ellis,* 62 NY2d 393; *People v McCoy,* 239 AD2d 437; *People v Ardila,* 159 AD2d 710).

Moreover, once the police observed one handgun in plain view on the floor in the rear passenger area of the taxicab, the officers were entitled not only to seize that weapon, but also to search the defendant and his companion, both of whom were carrying additional handguns on their persons *(see, People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966; *see also, Matter of Marcellius H. R.,* 229 AD2d 578).

The defendant's remaining contentions are without merit. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.