■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY EARLEY, Appellant. [666 NYS2d 223] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 19, 1996 in Sullivan County, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

On March 9, 1994 at approximately 9:50 P.M., defendant was stopped by a Sullivan County Deputy Sheriff in the Town of Thompson, Sullivan County. The Deputy Sheriff detected a strong odor of alcohol on defendant's breath; he conducted several field-sobriety tests and defendant was subsequently placed under arrest. Defendant was transported to the Sheriff's Patrol Headquarters where he refused to submit to a breathalyzer test. Thereafter, in April 1994, defendant was indicted for the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. In November 1994 County Court commenced a suppression hearing; after

numerous delays the hearing concluded in December 1995. Shortly thereafter, County Court denied defendant's suppression motion and found, *inter alia*, that there was probable cause for defendant's arrest. Subsequently, in January 1996, defendant entered an *Alford* plea before Supreme Court to the charge of driving while intoxicated and was sentenced to a term of imprisonment of 360 days. Defendant appeals.

We affirm. Initially, we reject defendant's contention that probable cause for his arrest was not established at the suppression hearing because, *inter alia*, the People's only witness committed perjury. County Court has the "peculiar advantages of having seen and heard the witnesses" (*People v Prochilo*, 41 NY2d 759, 761) and, on appeal, the trial court's findings are afforded great weight and are only to be reversed if the record reveals that the court clearly erred in its resolution of the credibility issues (*see, People v Burgess*, 241 AD2d 765; *People v Gutkaiss*, 206 AD2d 628, 629-630, *lv denied* 84 NY2d 936; *People v Travis*, 162 AD2d 807, 808).

Here, a Deputy Sheriff testified that on the night in question defendant's vehicle came in close proximity to the officer's patrol car upon entering a convenience store parking lot and defendant and his passenger were observed entering the store in what appeared to be an intoxicated state. The officer testified that these observations led to a registration check which revealed that the vehicle's registration had been suspended. Based on this information, the officer testified that he and his partner decided to stop defendant's vehicle after it entered into traffic on an adjacent public highway but that the vehicle exhibited a sudden burst of speed and they were unable to do so; his partner then activated the patrol car's emergency lights in an effort to stop the vehicle and called for assistance. A second patrol car came to their aid and created a roadblock which resulted in stopping defendant's vehicle. The officer further testified that after stopping defendant's car, defendant's behavior and his subsequent performance on various sobriety tests provided sufficient probable cause for defendant's arrest for driving while intoxicated. County Court also heard testimony from the officer that after being arrested defendant was advised of both his *Miranda* rights and the requisite DWI warnings while still at the scene and that defendant waived these rights.

The testimony elicited from defendant and his passenger contradicted much of the officer's testimony and therefore presented an issue of credibility for County Court which was clearly resolved in favor of the People's lone witness. Upon our

review of the record, we find no reason to disturb that determination. Furthermore, contrary to defendant's argument, the officer's testimony was not rendered incredible by minor inconsistencies as to what he observed.

We also reject defendant's contention that the People's failure to call the other officers involved in defendant's arrest forms the basis for a reversal of his conviction. The People are under an obligation to prove probable cause beyond a reasonable doubt and are not necessarily obliged to call every officer who came into contact with defendant (*see, People v Witherspoon*, 66 NY2d 973, 974).

We have reviewed defendant's remaining contentions and find them to be without merit.

Crew III, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.