■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBIN C. GROW, Appellant. [671 NYS2d 783] —Mercure, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 1, 1997, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fourth degree and operating a motor vehicle while under the influence of alcohol or drugs.

We are not persuaded that County Court erred in denying defendant's motion to suppress tangible physical evidence, oral statements and blood test results obtained after a police officer made a stop of defendant's vehicle and then placed him under arrest and performed a search of his person. Rather, we conclude that the evidence adduced at a combined *Mapp* and *Huntley* hearing provided ample factual support for County Court's determination to deny the suppression motion.

Officer Michael Barton of the Village of Horseheads Police Department in Chemung County testified that on August 2, 1996, he was dispatched to an area bank in response to an anonymous telephone tip that defendant was attempting to withdraw a large sum of money. When Barton approached the bank, defendant was already outside, walking toward his car. Barton watched defendant get into his car and begin driving away. Barton followed and, observing that defendant was not wearing a seatbelt, activated his flashing lights and pulled defendant's car over. Defendant exited his vehicle and approached Barton, who at that point observed that defendant had glossy bloodshot eyes, dilated pupils, was sweating profusely, had difficulty balancing, and exhibited disjointed and slurred speech, although not emitting the odor of an alcoholic beverage. Defendant also kept trying to put his hand in his pocket although Barton repeatedly told him not to. Based upon his observations and knowing that defendant had been arrested a month earlier for driving while his ability was impaired by drugs, Barton formed the opinion that defendant was under the influence of drugs. When defendant failed to cooperate with Barton's effort to administer field sobriety tests, Barton placed him under arrest. Barton and another police officer then searched defendant and found a bag of cocaine and a pipe on his person. Defendant subsequently made an inculpa-

tory utterance and voluntarily submitted to a chemical test which indicated the presence of cocaine in his blood.

In our view, Barton's testimony that he observed defendant driving without a seatbelt and further statement that it was his usual practice to stop motorists for failure to wear a seatbelt and that he did not merely want to stop and question defendant based upon the anonymous call, provided a sufficient evidentiary basis for County Court's conclusion that, although Barton may have suspected that defendant was involved in illegal activities, the traffic violation provided the primary motivation for the stop (*see, People v Ross*, 228 AD2d 718, *lv denied* 88 NY2d 993; *see also, People v Lamb*, 235 AD2d 829, 830-831; *compare, People v Ynoa [Rodriguez]*, 223 AD2d 975, *lvs denied* 87 NY2d 1024, 1027). That being the case, we reject the contention that the stop was pretextual. Next, we agree with County Court's conclusion that Barton's observations provided him with reasonable cause to believe that defendant was operating a vehicle while under the influence of drugs or alcohol, that defendant was properly arrested for that offense and that the subsequent search of defendant's person was conducted as an incident of a lawful arrest (*see, People v Ross*, *supra*; *People v Wilcox*, 198 AD2d 544, *lv denied* 82 NY2d 932). Defendant's remaining arguments have been considered and found to be unavailing.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.