■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT DOUGHERTY, Appellant. [673 NYS2d 742] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered October 5, 1995, convicting him of burglary in the second degree, unlawful possession of marihuana, and failure to stop a vehicle before making a right turn at a red traffic signal, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to the police.

Ordered that the judgment is affirmed.

During police surveillance of the defendant, who was a suspect in an investigation of a number of larcenies in the area, an officer observed him make a right turn at a red traffic signal without stopping, and legally stopped the defendant for a traffic violation. Additionally, and prior to the stop, the officer who made the stop had reasonable cause to believe that the defendant was driving a vehicle not registered to him, and that his driver's license had been suspended or revoked. During the stop, the officer smelled marihuana smoke, and asked where the smell came from. The defendant admitted to smoking marihuana in his car. After the admission, and the arresting officer's observance, in plain view, of a marihuana cigarette, the search of the vehicle yielded the proceeds of a recent burglary, pages of a map of the area, and a flashlight.

Contrary to the defendant's contentions, his right to be free from unreasonable searches and seizures was not violated by the traffic stop, which led to probable cause for the arrest on the more serious charges of which he was convicted. The stop

was not rendered invalid even though the defendant was also suspected of burglary. The initial stop of a vehicle, validly based upon a police officer's personal observation of traffic infractions, is no less valid merely because the officer might also have been entertaining more serious suspicions as a result of information previously furnished to him (*see, People v McCoy,* 239 AD2d 437, *lv denied* 91 NY2d 835, citing *Whren v United States,* 517 US 806; *see also, People v Gelley,* 242 AD2d 277; *People v Jackson,* 241 AD2d 557; *People v Reynolds,* 240 AD2d 517).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions provide no basis for reversal. Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.