(October 29, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. REVANDER, Appellant. [679 NYS2d 183] —Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 13, 1997, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, aggravated unlicensed operation of a motor vehicle in the third degree and speeding.

After a State Trooper observed defendant driving at a speed of over 70 miles per hour in a 55 mile-per-hour zone, and stopped the car to issue a ticket, he discovered that defendant's license had been suspended. Defendant was thereupon arrested for aggravated unlicensed operation of a motor vehicle and searched, whereupon three small foil-wrapped packets, containing a substance resembling crack cocaine, were discovered in his sock. When the vehicle's only passenger revealed that he, too, was without a valid driver's license, the Trooper performed an inventory search of the car—which was to be impounded— uncovering three similar packets beside and behind the passenger seat. Both of the car's occupants were then arrested and taken to the police barracks. There, a strip search of defendant yielded several more foil-wrapped bundles, one of which contained 14 smaller packages. Upon testing, each of the packets was found to contain crack cocaine. Convicted after a jury trial of two drug-related charges, as well as aggravated unlicensed operation of a motor vehicle and speeding, and sentenced (as a second felony offender) to an aggregate prison term of 10 to 20 years, defendant appeals.

The only matter meriting discussion is defendant's contention that he was subjected to an illegal search and seizure, and that his motion to suppress the physical evidence should therefore have been granted. The testimony elicited at the suppression hearing established that defendant's car was legitimately stopped for a traffic infraction, and that the Trooper's actions thereafter—including his arrest of defendant for driv-

ing without a valid license, the search performed incident to that arrest, the impounding and inventory search of the car, and the more exhaustive search of defendant undertaken at the police barracks—were in no respect improper (*see, e.g., People v Ross*, 228 AD2d 718, 719, *lv denied* 88 NY2d 993; *People v Rhodes*, 206 AD2d 710, 710-711, *lv denied* 84 NY2d 1014; *People v Wilcox*, 198 AD2d 544, *lv denied* 82 NY2d 932). Given County Court's acceptance of the Trooper's testimony as credible (an assessment with which we are not disposed to disagree [*cf., People v Prochilo*, 41 NY2d 759, 761]) and the absence of any contrary proof, defendant's assertion that the stop was pretextual is unpersuasive (*see, People v Peterson*, 245 AD2d 815, 816-817; *compare, People v Ynoa*, 223 AD2d 975, *lv denied* 87 NY2d 1027).

Parenthetically, we note that while the sentence imposed is substantial, it is less than the statutory maximum, and given defendant's criminal history (including two prior felonies), the quantity of illegal drugs he possessed and the lack of any mitigating or extraordinary circumstances, it cannot be viewed as unjust or excessive (*see, People v Hughes*, 180 AD2d 908, 910, *lv denied* 80 NY2d 1027).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.