■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFFAELE CALIFANO, Appellant. [680 NYS2d 700] —Cardona, P. J.

Appeal from a judgment of the County Court of Schenectady County (Sheridan, J.), rendered July 25, 1996, upon a verdict convicting defendant of the crime of driving while intoxicated and the traffic infraction of emerging from a driveway without stopping.

On October 5, 1995 at approximately 2:42 A.M., defendant was stopped by a police officer after leaving a bar and restaurant located on State Street in the City of Schenectady, Schenectady County. The police officer observed that defendant did not bring his vehicle to a complete stop prior to exiting the driveway of the bar and restaurant and followed him for a few blocks before stopping him. As the police officer approached the vehicle, he noticed that defendant had parked it at an angle, almost hitting the curb. In addition, he noticed that defendant's eyes were glassy and his clothes disheveled. He also smelled alcohol on defendant's breath. Following defendant's failure to pass certain field sobriety tests, the police officer placed him under arrest for driving while intoxicated. Defendant was subsequently found guilty after a jury trial of the crime of driving while intoxicated as a felony and the traffic infraction of emerging from a driveway without stopping (see, Vehicle and Traffic Law § 1173). He was sentenced to 1⅓ to 4 years in prison and now appeals.

Defendant argues that his conviction should be reversed because the traffic infraction was merely a pretext for the police officer to stop his vehicle given the officer's past experience with defendant and also the time and location of the stop. He asserts that the police officer was biased and stopped him because of a recent incident in which the officer detained defendant on suspicion that he was intoxicated. We find the arguments unpersuasive. There is sufficient evidence in this record that the officer's observation of defendant's failure to stop at the end of the driveway provided the primary motivation for his pursuit of defendant's vehicle and his decision to pull defendant over (see, People v Grow, 249 AD2d 686, 686-687; People v Ross, 228 AD2d 718, lv denied 88 NY2d 993; see also, People v Dougherty, 251 AD2d 344, lv denied 92 NY2d 896). Once defendant's vehicle was stopped, the police officer's observations of the manner in which the vehicle was parked, defendant's appearance and demeanor, and the smell emanating from defendant's breath provided a reasonable basis for the administration of field sobriety tests and the ensuing arrest of defendant for driving while intoxicated (see, People v Lamb,

235 AD2d 829, 830; *People v Daniger*, 227 AD2d 846, *lv denied* 88 NY2d 1020). Furthermore, even if the police officer entertained suspicions about defendant based upon previous contact with him, that is not enough to invalidate the traffic stop under these particular circumstances (*see, People v Dougherty, supra*). Consequently, we find no reason to disturb the judgment of conviction.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.