■ The People of the State of New York, Respondent, v Eric Citron, Also Known as Eric Cintron, Also Known as Simon Rodriguez, Appellant. [681 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leach, J.), rendered March 3, 1997, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Sampson, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

While on duty, two police officers observed a Jeep with five occupants, including the defendant, pull up in front of a delicatessen, stop briefly, proceed up the block about 60 yards, and double park. The driver then proceeded to exit the Jeep and walk to the delicatessen. The officers approached the vehicle upon the driver's return, before the vehicle began to move. During the initial questioning of the driver, the officers observed the butt of a gun. The police ordered the men out of the vehicle and seized the gun.

The defendant contends that his right to be free from unreasonable search and seizure was violated by the approach of the police officers and what he contends was their stop of the vehicle. However, the officers at no point stopped the vehicle. The vehicle was double parked, which constituted a traffic infraction and an articulable basis for approaching the vehicle and requesting information (*see, People v Ocasio,* 85 NY2d 982; *People v Spencer,* 84 NY2d 749, *cert denied* 516 US 905).

The officers' approach of the vehicle was not rendered invalid

merely because the individuals in the vehicle were also suspected of robbery. The approach of a vehicle validly based upon a police officer's personal observation of a traffic infraction is no less valid even though the officer might also have been entertaining more serious suspicions (*see, People v McCoy,* 239 AD2d 437, citing *Whren v United States,* 517 US 806; *see also, People v Gelley,* 242 AD2d 277; *People v Dougherty,* 251 AD2d 344; *People v Reynolds,* 240 AD2d 517). Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.