■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS OTERO, Appellant. [683 NYS2d 542] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered February 6, 1996, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Flug, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the gun found in the radio area of his dashboard and the evidence recovered from him after his arrest. Although the officers suspected that the car was stolen, their approach to the vehicle, validly based upon a personal observation of a traffic infraction, was no less valid merely because the officers might also have been entertaining more serious suspicions (*see, People v McCoy,* 239 AD2d 437, 439, citing *Whren v United States,* 517 US 806; *see also, People v Blasich,* 73 NY2d 673; *People v Adams,* 53 NY2d 1, 10-11; *People v Dougherty,* 251 AD2d 344; *People v Gelley,* 242 AD2d 277; *People v Reynolds,* 240 AD2d 517). Further, the defendant's contention that his constitutional rights were violated when the police officer leaned into the car and shined a flashlight over the dashboard is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Dickens,* 88 NY2d 1031).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.