■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK POJE, Appellant. [706 NYS2d 733] —Cardona, P. J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered October 19, 1998, upon a verdict convicting defendant of the crime of driving while intoxicated.

On December 31, 1997, at approximately 4:00 P.M., Officer John Hopkins of the Liberty Police Department observed a pickup truck proceeding south on Main Street, a two-lane highway in the Village of Liberty, Sullivan County. Hopkins saw the vehicle veer to the right partially into a parking space and back left into the driving lane and then observed it partially cross over the double yellow center line into the northbound driving lane. At that point, Hopkins activated his police cruiser's red lights and attempted to pull the vehicle over. The vehicle went through a red light and continued approximately 200 feet into the parking lot of the Liberty Motel where it stopped in a parking space. Hopkins left his car and approached the pickup truck. As he did so, the driver, defendant, emerged from the vehicle. Hopkins immediately recognized him as someone he had known for most of his life. Hopkins observed defendant's eyes to be glassy, that he needed Hopkin's assistance to stand, that his speech was impaired and that his breath smelled of alcohol. Hopkins arrested defendant and transported him to the police station.

At the station, Hopkins read defendant his *Miranda* rights and driving while intoxicated refusal warnings and defendant requested an attorney. Defendant was allowed to contact his lawyer, Jeffrey Kirsch. Kirsch came to the station and consulted

with defendant. Thereafter, Kirsch informed Hopkins that defendant would submit to the breathalyzer and cooperate fully. Kirsch then left. Hopkins questioned defendant about the circumstances of the arrest and defendant made certain admissions. Thereafter, a breathalyzer test was administered to defendant which revealed a blood alcohol content (hereinafter BAC) of 0.30% by weight of alcohol.

Defendant was subsequently charged by indictment with two felony counts of driving while intoxicated (driving while in an intoxicated condition [Vehicle and Traffic Law § 1192 (3)] and with a BAC of 0.10% or more [Vehicle and Traffic Law § 1192 (2)]) and the traffic infractions of failure to keep right, failure to stay in lane, passing a red light and no seat belt. Following a jury trial, defendant was convicted of one count of driving while intoxicated, based upon his BAC, and acquitted of the remaining charges. County Court sentenced defendant to a definite sentence of 11 months in jail. Defendant appeals.

Defendant initially contends that Hopkins lacked probable cause to arrest him in the motel parking lot. We disagree. Hopkin's observation of several vehicle and traffic law violations coupled with his observations of defendant's impaired speech, instability and the odor of alcohol on his breath, gave Hopkins reasonable grounds to believe that defendant had been driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (*see, Matter of Viger v Passidomo*, 65 NY2d 705, 707; *People v Grow*, 249 AD2d 686, 687). The arrest for that offense provided the predicate for the request for defendant to submit to a chemical test of his breath (*see*, Vehicle and Traffic Law § 1194 [2] [a] [1]; *People v Daniger*, 227 AD2d 846, 847-848, *lv denied* 88 NY2d 1020).

Defendant's claim that the People's witnesses testified falsely does not require reversal of County Court's finding of probable cause. The court's determination is accorded great weight on appeal and will not be reversed absent record proof that it clearly erred in its resolution of the credibility issues (*see, People v Prochilo*, 41 NY2d 759, 761; *People v Earley*, 244 AD2d 769, 770). Our review of the record discloses no such proof.

Next, we find no merit to defendant's claim that there was legally insufficient evidence to sustain his conviction for driving while intoxicated under Vehicle and Traffic Law § 1192 (2). Having satisfied the foundational requirements for the admission of the breathalyzer test results (*see, People v Freeland*, 68 NY2d 699, 700; *People v Mertz*, 68 NY2d 136, 146), the People then introduced evidence which established a breathalyzer reading of 0.30% within two hours after defendant's arrest (*see*,

Vehicle and Traffic Law § 1194 [2] [a] [2]). We find such evidence, together with evidence that defendant was observed operating his truck, that his eyes were bloodshot, his speech slurred, that he was unstable on his feet, had the odor of alcohol on his breath and admitted that he had been drinking, viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), sufficient for the jury to conclude that the elements of the crime had been proven beyond a reasonable doubt (*see,* Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c]). Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Defendant's remaining arguments merit little discussion. His false arrest, malicious prosecution and false imprisonment claims are not properly raised in this criminal appeal as they are civil in nature and, therefore, they may only be prosecuted by commencement of a civil action.

Finally, defendant's claim that he was deprived of the effective assistance of counsel is based on allegations occurring after the verdict and outside the record; therefore, it may not be considered on this appeal. Defendant's only recourse is to raise such allegations in a CPL article 440 motion returnable before County Court (*see, People v Chiera*, 255 AD2d 685).

Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.