■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SCOTT A. KOWALSKI, Respondent. [738 NYS2d 427] —Spain, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), entered October 20, 2000, which granted defendant's motion to dismiss the indictment.

This appeal by the People is directed at a determination by County Court after a suppression hearing that law enforcement lacked probable cause to arrest defendant for driving while intoxicated following a valid traffic stop. At the hearing it was established that on June 24, 2000, at approximately 10:00 P.M., a State Trooper using radar observed defendant's vehicle traveling at a speed of 73 miles per hour in a 45 mile-per-hour zone in the Town of Stuyvesant, Columbia County. After stopping and approaching the vehicle, the officer detected an odor of alcohol emanating from the vehicle, and observed that defendant's eyes were watery or glassy and his speech was somewhat slurred and impaired. When asked, defendant admitted that he had consumed "a few beers earlier in the day."

Defendant then exited the vehicle and submitted to two field sobriety tests. The officer first administered the one-leg stand test and then the horizontal gaze nystagmus test, and concluded that defendant failed both. After these sobriety tests were completed, defendant submitted to an alco-sensor test, provided by a second Trooper who arrived on the scene, which yielded a positive result for the presence of alcohol. Although the first officer testified that he would ordinarily have administered more field sobriety tests before placing defendant under arrest, he did not do so in this case at the suggestion of the second officer, who informed him that defendant had "run from the police before," resulting in a high speed chase.

Defendant was arrested and transported to the State Police barracks where he consented to a breathalyzer test, which registered an .11% blood alcohol content. Defendant was indicted and charged with two felony counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193).

After a *Dunaway* hearing, County Court concluded that the evidence was insufficient to support a finding of probable cause to effectuate the arrest. While County Court determined that the underlying stop was valid and that the actions of the arresting officer were in all respects appropriate, it concluded that the field sobriety tests were terminated before probable cause for the arrest was established and, as a result, suppressed the results of the breathalyzer test and dismissed the indictment. On the People's appeal, we reverse.

When a defendant is charged with driving while intoxicated, probable cause for the arrest exists if the arresting officer can demonstrate reasonable grounds to believe that the defendant had been driving in violation of Vehicle and Traffic Law § 1192 (*see, People v Poje*, 270 AD2d 649, 650, *lv denied* 95 NY2d 837). Here, we find that the arresting officer's observations, including defendant's watery or glassy eyes and slurred speech, combined with defendant's admission to the consumption of alcohol, his inability to successfully perform two field sobriety tests, and the positive result of the alco-sensor test, provided reasonable grounds to believe that defendant had been driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (*see, People v Swanston*, 277 AD2d 600, 601, *lv denied* 96 NY2d 739; *People v Poje, supra* at 650; *People v Earley*, 244 AD2d 769, 770).

In this regard, probable cause need not always be premised upon the performance of field sobriety tests (*see, People v Poje, supra* at 650; *People v Grow*, 249 AD2d 686; *People v Cooper*, 219 AD2d 426, 433, *affd* 90 NY2d 292) or any specific number

of such tests (*see, People v Swanston, supra* at 601; *see also, People v Spencer,* 289 AD2d 877, 879; *Dykeman v Jackson,* 262 AD2d 877; *People v Califano,* 255 AD2d 701; *People v Sawinski,* 246 AD2d 689, *lv denied* 91 NY2d 930; *People v Tittensor,* 244 AD2d 784; *People v Mena-Coss,* 210 AD2d 745, *lv denied* 86 NY2d 798). The fact that the arresting officer would have preferred to administer more field sobriety tests is not determinative under the facts here because, at the time that he placed defendant under arrest, there was sufficient objective evidence to support a finding of probable cause.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.