■ FRANK POJE, Appellant, v JOHN HOPKINS et al., Respondents. [748 NYS2d 714] —Lahtinen, J. Appeal from an order of the Supreme Court (Kane, J.), entered June 15, 2001 in Sullivan County, which, inter alia, granted defendants' motions to dismiss the complaint as time-barred.

Plaintiff was arrested in December 1997 for a number of Vehicle and Traffic Law violations and jailed for three days before he posted bail. Eventually, he was indicted for two counts of felony driving while intoxicated and four traffic infractions. He was convicted in October 1998 of one count of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and sentenced to a definite sentence of 11 months. Plaintiff was released from incarceration in May 1999. On March 16, 2000, this Court affirmed plaintiff's underlying conviction (*People v Poje*, 270 AD2d 649, *lv denied* 95 NY2d 802).

Plaintiff commenced this action for false arrest, false imprisonment and malicious prosecution by the filing of a summons and complaint in April 2001. Prior to answering the complaint, defendants successfully moved for dismissal of the complaint on the ground, inter alia, that the action was time-barred. An action to recover damages for false imprisonment* and malicious prosecution must be commenced within one year from the date those actions accrue (*see* CPLR 215 [3]). Under any possible interpretation of the facts stated above, it is clear that plaintiff commenced this action after the limitation period had expired and it was properly dismissed by Supreme Court (*see* CPLR 3211 [a] [5]).

---

* We view causes of action for false imprisonment and false arrest as indistinguishable from one another (*see Brown v Roland*, 215 AD2d 1000, *lv dismissed* 87 NY2d 861).

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.