■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH FENGER, Appellant. [892 NYS2d 591]—

Garry, J.

In July 2007, a road patrol officer with the Chenango County Sheriff's Department was dispatched on a "welfare complaint" to investigate a vehicle on the side of a roadway. The officer testified that when she arrived on the scene, she saw a parked car with defendant inside. She spoke with two firefighters already on the scene, who told her that when they first arrived, the vehicle was still running and defendant was unconscious in the driver's seat. They further reported that the vehicle had moved forward when they tried to awaken defendant.

When the officer approached the vehicle, defendant was sitting sideways in the driver's seat, leaning partially out of the driver's door. The officer testified that she noticed a strong odor

---

of alcohol and observed that defendant had slurred speech, was hard to understand, and had very glassy eyes. In response to the officer's questions, defendant stated that he had not been drinking and that there was no alcohol in the vehicle. The officer made a brief search of the vehicle, with defendant's consent, and found no alcohol.

The officer then asked defendant to get out of the vehicle to perform field sobriety tests. She testified that when he first attempted to comply, he fell back into the vehicle, grabbing the door frame. On the second attempt, he successfully exited the vehicle, and the officer administered four field sobriety tests. Defendant failed the first test—the horizontal gaze nystagmus test—but passed the other three. With defendant's permission, the officer then administered a portable breathalyzer test, commonly known as the Alco-Sensor test, and obtained a positive result. She read defendant his *Miranda* rights, placed him in custody, and read him a driving while intoxicated warning. While being transported to the police station, defendant made several incriminating statements.

Defendant was subsequently indicted on three motor vehicle offenses. Following a combined hearing to address probable cause and other preliminary matters, County Court ruled, among other things, that defendant's arrest was supported by probable cause. In January 2008, defendant pleaded guilty to a felony driving while intoxicated charge, based on a prior misdemeanor conviction for driving while intoxicated. He was sentenced to five years of probation and a fine of $1,500. In May 2008, he moved to vacate the felony conviction on the ground that the predicate misdemeanor conviction had been vacated. The court granted the motion and reduced defendant's conviction to misdemeanor driving while intoxicated and his sentence to three years of probation and a $1,000 fine. Defendant now appeals.

Defendant's sole contention is that his arrest was not supported by probable cause. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (*People v Bigelow*, 66 NY2d 417, 423 [1985] [citations omitted]). An arrest for driving while intoxicated is based on probable cause "if the arresting officer can demonstrate reasonable grounds to believe that the defendant had been driving in violation of Vehicle and Traffic Law § 1192" (*People v Kowalski*, 291 AD2d 669, 670 [2002]).

Defendant contends that, because he passed three out of the four field sobriety tests, the officer had no reasonable justification to believe that he was intoxicated and should have terminated the encounter before administering the Alco-Sensor test. We disagree. A probable cause determination is based on "the totality of the circumstances" (*People v Mojica*, 62 AD3d 100, 114 [2009], *lv denied* 12 NY3d 856 [2009]) and "need not always be premised upon the performance of field sobriety tests or any specific number of such tests" (*People v Kowalski*, 291 AD2d at 670-671 [citations omitted]). Defendant's success on three out of the four sobriety tests did not negate the officer's other observations, which included defendant's failure of the horizontal gaze nystagmus test, the alcohol odor, defendant's glassy eyes and slurred speech, and his loss of balance when he attempted to get out of the car, as well as the information communicated to the officer by the firefighters who found defendant unconscious in a running vehicle that moved when they tried to awaken him (*see People v Mojica*, 62 AD3d at 114). The car's location on the roadside and the absence of alcohol containers precluded the possibility that defendant had become intoxicated after stopping the vehicle or that he was at the starting point of a journey, allowing the rational inference that he had been driving the vehicle while intoxicated (*see People v Spencer*, 289 AD2d 877, 879 [2001], *lv denied* 98 NY2d 655 [2002]; *People v Saplin*, 122 AD2d 498, 498-499 [1986], *lv denied* 68 NY2d 817 [1986]).* The officer testified that defendant's intoxication was "obvious," and that she had no doubt that probable cause existed for his arrest even before she administered the Alco-Sensor test, based on her overall investigation, his actions and speech, the odor of alcohol, and his appearance. County Court correctly determined that the officer had "reasonable grounds to believe" that defendant had been driving while intoxicated (*People v Kowalski*, 291 AD2d at 670).

We have examined defendant's other arguments and find them to be without merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* In any event, the statutory prohibition applies to operation of the vehicle, "a broader concept" (*People v Marriott*, 37 AD2d 868 [1971]; *see People v Cunningham*, 274 AD2d 484, 484-485 [2000]; *Matter of Prudhomme v Hults*, 27 AD2d 234, 235-236 [1967]).