The People of the State of New York, Respondent, 
against
Audrey McMillan, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Louis L. Nock, J.) rendered March 1, 2017, convicting her, upon a plea of guilty, of driving while impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Louis L. Nock, J.), rendered March 1, 2017, affirmed.
The accusatory instrument was not jurisdictionally defective. Giving the instrument "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that it was legally sufficient to charge defendant with violating Vehicle and Traffic Law § 1192(1). The arresting officer alleged that defendant operated a motor vehicle that was "stopped in the right lane" "at the southeast corner of West 165 Street and Henry Hudson Parkway"; that defendant, who "was seated in the front passenger seat," stated that she "was driving from Ozone Park when my car stopped working, I had a few drinks"; that she had "watery and bloodshot eyes;" the "odor of an alcoholic beverage" on her breath and "slurred speech"; and that she refused to submit to a breath test (see People v Cruz, 48 NY2d 419, 426—427 [1979], appeal dismissed 466 US 901 [1980]; People v Taylor, 104 AD3d 603, 604 [2013], lv denied 21 NY3d 947 [2013]).
Contrary to defendant's argument, the factual allegations supported the reasonable inference that the defendant drove the vehicle to the place where it was found (see People v Fenger, 68 AD3d 1441, 1443 [2009]; People v Saplin, 122 AD2d 498, 499 [1986], lv denied 68 NY2d 817 [1986]) and that at that time she was impaired (see People v Blake, 5 NY2d 118, 120 [1958]). Likewise, the instrument, read as a whole, was sufficient to satisfy the "public highway" element of the offense (see Vehicle and Traffic Law §§ 134, 1192[7]; see People v Beyer, 21 AD3d 592, 594 [2005], lv denied 6 NY3d 752 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 18, 2019