■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL S. "TOOT" LOWE, Appellant. [654 NYS2d 518] —Judgment unanimously affirmed. Memorandum: On October 27, 1994, the Auburn Police Department received an anonymous tip that a man in a pizza shop located on Genesee Street had dropped a gun and then retrieved it. An employee of the pizza shop told Sergeant DelFavero, who arrived minutes later, that he had not seen a gun, but that a black male, about 6 feet tall, weighing 200 pounds and wearing a dark-colored hooded sweatshirt, had dropped something heavy on the floor. The employee also told Sergeant DelFavero that he saw the man heading west on Genesee Street. Sergeant DelFavero relayed that information by radio to other patrol units in the area. A few seconds after receiving the transmission, Officer McLaughlin, who was in proximity to the pizza shop, observed defendant, who matched the description of the suspect, walking in a westerly direction down Genesee Street. When Officer McLaughlin left his vehicle, defendant ran away in an easterly direction, toward the pizza shop. Officer McLaughlin radioed that information to police headquarters. Officer Middleton, who was in his patrol car in the area, heard the transmission and turned down Ford Street. He observed defendant, who matched the description in the transmission, fleeing in a southerly direction down Ford Street. Officer Middleton exited his vehicle and told defendant

to stop, but defendant continued to run. As he was pursuing defendant on foot, Officer Middleton saw defendant drop a handgun. Officer Middleton caught defendant and they scuffled. Officer McLaughlin, who had arrived on the scene, saw the scuffle and assisted Officer Middleton in handcuffing defendant. Officer Middleton told Officer McLaughlin that he had recovered the gun from defendant. Defendant was placed under arrest and Officers Middleton and McLaughlin patted defendant down. Officer Middleton felt a bulge in defendant's right front pocket and asked defendant if there was anything in the pocket that could hurt the officer, but defendant did not respond. Officer Middleton reached in the pocket and pulled out a plastic prescription bottle containing a white substance. Upon a further search of defendant's pockets, the police recovered numerous "rocks" of crack cocaine. After a jury trial, defendant was convicted of criminal possession of a controlled substance in the third and fourth degrees (Penal Law § 220.16 [1]; § 220.09 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02).

County Court properly denied the motion to suppress the evidence seized from defendant. Officer McLaughlin's observation of defendant, who closely matched the description of the individual in the pizza shop who had dropped and retrieved a gun, was made in proximity to the pizza shop, seconds after the officer received the radio broadcast. Thus, the officer had the right to approach defendant based upon an objective credible reason (*see, People v Reyes*, 83 NY2d 945, *cert denied* 513 US 991; *People v De Bour*, 40 NY2d 210, 223). Officer Middleton possessed reasonable suspicion that criminal activity was afoot, justifying his pursuit of defendant (*see, People v Sierra*, 83 NY2d 928, 929-930; *People v Leung*, 68 NY2d 734, 736; *People v Gaines*, 207 AD2d 952, 953, *lv denied* 84 NY2d 1011). When he saw defendant drop the gun, he had probable cause to arrest defendant for criminal possession of a weapon (*see, People v Leung, supra*, at 737), and the prescription bottle and crack cocaine were discovered during a lawful search of defendant as incident to a lawful arrest (*see, People v Belton*, 55 NY2d 49, 52, *rearg denied* 56 NY2d 646).

Defendant's conviction of criminal possession of a controlled substance in the third degree is supported by legally sufficient evidence that defendant possessed "a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]; *see, People v Orta*, 184 AD2d 1052, 1054). The jury reasonably could have inferred intent to sell from defendant's possession of 110 separate "rocks" of cocaine, each with a street value of approximately $20 (*see,*

*People v Sanchez*, 86 NY2d 27, 35; *People v Nelson*, 189 AD2d 828, 829, *lv denied* 81 NY2d 890; *People v Vailes*, 150 AD2d 406, 407, *lv denied* 74 NY2d 795).

Lastly, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.