■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRIS HANKS, Appellant. [714 NYS2d 168] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's motion to suppress cocaine that was seized during an inventory search of defendant's vehicle. Defendant attempted to evade the police and fled on foot after leaving the car on a dead-end street in a Syracuse housing development, with the radio on and the keys in the ignition. The officer who was attempting to stop defendant determined that defendant had abandoned the car and proceeded to inventory the items in the car in order to have it towed, pursuant to the procedures of the Syracuse Police Department. From the driver's seat, the officer observed in the map holder a scale and a "chunk" of a beige substance that he believed to be cocaine, both of which were visible without opening the map holder. We reject the contention of defendant that the court erred in determining that he abandoned the car and therefore lacked standing to challenge the inventory search (*see, People v Strunkey,* 202 AD2d 610, 611-612; *see also, People v Howard,* 50 NY2d 583, 592-593, *cert denied* 449 US 1023). In any event, the police had the right to enter the car while conducting an inventory search pursuant to the procedures of the Syracuse Police Department, and the cocaine was in plain view (*see, People v Shapiro,* 141 AD2d 577, 578, *lv denied* 72 NY2d 1049).

We also reject the contention of defendant that he was denied effective assistance of counsel because defense counsel referred to defendant's parole status during summation, despite having obtained a favorable ruling barring any reference to defendant's parole status. It appears that there is an error in the transcription of defense counsel's summation. Although the word "parole" appears in the transcript, defense counsel was not discussing defendant at that time; rather, defense counsel was discussing the activities of the officer who was on patrol when he observed defendant. Defendant therefore was not denied a fair trial (*cf., People v Ofunniyin,* 114 AD2d 1045). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Criminal Possession Controlled Substance, 4th

Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.