■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH SPARKS, Also Known as LUIS CONCEPCION, Appellant. [785 NYS2d 807]—

Cardona, P.J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 15, 2003, convicting defendant following a nonjury trial of the crimes of burglary in the second degree (three counts), petit larceny, grand larceny in the fourth degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree.

In connection with the theft of property from three homes in the Village of Liberty, Sullivan County, on December 9, 2002, defendant was found guilty of various counts of burglary, grand larceny, petit larceny and criminal possession of a weapon and stolen property. He was sentenced as a second violent felony offender to an aggregate term of imprisonment of 25 years.

Initially, on this appeal, defendant maintains that County Court erred in denying his suppression motion. Testimony in the record reveals that, on the evening of December 9, 2002, State Trooper James Lacki received a report of a disabled vehicle and proceeded to investigate. He discovered defendant's abandoned vehicle stuck in a snowy embankment about 50 feet from the eastbound lane of State Route 17. In an effort to ascertain the owner of the car, Lacki entered the vehicle through the open front driver's side door and looked into the glove compartment for the registration. He observed an open duffle bag, half on the passenger seat and half on the floor, in which a handgun and a money bag were visible. Lacki immediately exited the vehicle and called for assistance. One of the responding troopers, Paul Langowski, viewed the open duffle bag and its contents through the vehicle window. He thereafter received a report that a man, later identified as defendant, was seen walking on the side of the road. Langowski located defendant, who admitted that he was the driver of the abandoned vehicle and stated that he was coming from his mother's house and going to New Jersey when he lost control of the car. Defendant was then asked what he knew about the handgun in the vehicle and he responded that it belonged to his sister. Langowski arrested defendant and, during a search incident to that arrest, found property later identified as belonging to the owners of the burglarized homes.

We find that, under these circumstances, defendant had no

expectation of privacy in the abandoned vehicle (*see People v Ramirez-Portoreal*, 88 NY2d 99, 109-110 [1996]; *People v Hanks*, 275 AD2d 1008 [2000], *lv denied* 95 NY2d 964 [2000]) and, therefore, Lacki was justified in conducting a limited search of the glove compartment for the vehicle registration (*see generally People v Philbert*, 270 AD2d 210 [2000], *lv denied* 95 NY2d 856 [2000]). The discovery of the duffle bag, with the handgun and the money bag, was in plain view. Based on defendant's admission that he was the driver of the disabled vehicle containing the handgun viewed by the Trooper, there was probable cause to arrest him for criminal possession of a weapon (*see People v Jalil*, 283 AD2d 371, 372 [2001], *lv denied* 97 NY2d 641 [2001]; *People v Lowe*, 237 AD2d 903, 904 [1997], *lv denied* 89 NY2d 1096 [1997]), and the subsequent search of his person and the impounded car were proper (*see People v Tunstall*, 278 AD2d 585, 587 [2000], *lv denied* 96 NY2d 788 [2001]; *People v Nichols*, 277 AD2d 715, 717-718 [2000]; *see generally People v Ross*, 228 AD2d 718 [1996], *lv denied* 88 NY2d 993 [1996]). Although defendant's version of the events, including the condition of his car and the duffle bag, differed from that of the troopers, this presented a credibility question for the suppression court to resolve (*see People v Earley*, 244 AD2d 769, 770 [1997]; *People v Villeneuve*, 232 AD2d 892, 894 [1996]).

Furthermore, we find no extraordinary circumstances or an abuse of discretion which would warrant a reduction of the sentence in the interest of justice (*see People v Jackson*, 2 AD3d 893, 897 [2003], *lv denied* 1 NY3d 629 [2004]; *People v Torra*, 309 AD2d 1074, 1076 [2003], *lv denied* 1 NY3d 581 [2003]).

Finally, we have examined the various arguments in defendant's brief, including his apparent claim of ineffectiveness of counsel, and find them to be unpersuasive.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.