OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
Defendant Alton Majors is charged with the misdemeanor of criminal possession of a controlled substance in the seventh degree pursuant to Penal Law § 220.03. Specifically, defendant is charged with possession of crack cocaine that was found in the car in which defendant had been sitting on October 25, 2006.
At defendant’s request, a probable cause hearing was held on January 8, 2007 to determine whether there was a constitutionally permissible basis to search the car and probable cause for defendant’s subsequent arrest. (See Mapp v Ohio, 367 US 643 [1961].) Rochester Police Officer Mark Monrad testified for the People. Defendant presented no evidence. The court finds that Officer Monrad’s testimony is credible. Based upon the credible evidence, the court makes the following findings of fact and conclusions of law.
Findings of Fact
On October 25, 2006, at about 2:50 p.m., Rochester Police Officer Mark Monrad, who was in his marked patrol car with his partner, responded to a 911 call about a “suspicious looking male” who was sitting in a car near the 200 block of Lyell Avenue in Rochester, New York. The 911 caller described the vehicle and provided its license plate number.
When Officer Monrad arrived at the scene, he saw the automobile parked legally on the street, and defendant sitting in the driver’s seat. Officer Monrad ran a computer check of the license plate and discovered that there was an outstanding arrest warrant for the car’s registered owner. Officer Monrad, who had approached from the vehicle’s rear, first drove his patrol car about 50 feet beyond the vehicle, then turned around and drove his patrol car toward the front of the vehicle. As he did so, defendant exited the car and walked into the street.
*241 Officer Monrad stopped his patrol car and stopped defendant in the middle of the street to talk to him. In response to Officer Monrad’s questions, defendant identified himself as someone other than the registered owner of the car. He also told Officer Monrad that his uncle owned the car, that he did not know where his uncle was, and that he did not have a driver’s license. Following this discussion, Officer Monrad’s partner placed defendant in the back of the patrol car.
Inspecting the car that defendant had just left, Officer Mon-rad saw that the door was unlocked and that the key was in the ignition. Because the whereabouts of the car’s owner were unknown and because defendant did not have a driver’s license, Officer Monrad decided to impound the car. To prepare the vehicle, he conducted an inventory search to itemize any items in the car and take them into custody for safekeeping. When he opened the car’s center console, Officer Monrad saw a baggie containing what he believed was crack cocaine. After a field test confirmed his belief, Officer Monrad arrested defendant for criminal possession of a controlled substance in the seventh degree.
Conclusions of Law
To seek the suppression of evidence seized by the police, a defendant in a criminal matter has the burden of showing that he or she has standing to do so. (See People v Burton, 6 NY3d 584, 587 [2006]; People v Rodriguez, 69 NY2d 159,161 [19873.) A defendant has the threshold standing when he or she is aggrieved by a search of a place or object in which the defendant has a reasonable expectation of privacy. (See People v Burton, 6 NY3d at 587.) A defendant who does not have standing to challenge the seizure of evidence is not entitled to suppression of the evidence, even if it was seized improperly.
Defendant in this case has failed to meet his burden of showing that he has standing to challenge the seizure of the cocaine from the console of the car in which he was sitting. The car was not his, and he did not know where the owner was. Because he did not have a driver’s license, defendant could not demonstrate that he had a right to be in the car.
Significantly, once he exited and walked away from the automobile, defendant effectively abandoned it. By leaving the car door unlocked and the key in the ignition, defendant left the car vacant on the street, available for any passerby to enter and drive the car away. Because he had no driver’s license, defendant was not in a position to drive the car away himself. Having *242 walked away from the car under these circumstances, defendant waived any legitimate expectation of privacy in the vehicle he might otherwise have had. (See People v Ramirez-Portoreal, 88 NY2d 99, 110-111 [1996]; People v Sparks, 13 AD3d 813, 814-815 [3d Dept 2004], lv denied 4 NY3d 836 [2005]; People v Hanks, 275 AD2d 1008 [2000], lv denied 95 NY2d 964 [2000].)
Defendant’s abandonment of the vehicle does not necessarily strip him of standing to challenge the car’s search. Rather, a person who has abandoned an object that is searched retains standing to challenge the search if the abandonment was “coerced or precipitated by unlawful police activity.” (People v Ramirez-Portoreal, 88 NY2d at 110.)
No such unlawful police activity occurred in this case. When defendant abandoned the automobile, the police officers were still in their patrol car, driving toward the car. They had not yet confronted or talked to defendant, let alone taken him into custody. It was only after defendant abandoned the vehicle that Officer Monrad questioned him and had him placed in the patrol vehicle. Thus, defendant’s abandonment of the vehicle was neither coerced nor precipitated by any unlawful police activity that would bestow him with standing to challenge the seizure of the cocaine from the abandoned car.*
Even if defendant had standing to challenge the cocaine’s seizure, his motion to suppress the cocaine as evidence would have to be denied. The information Officer Monrad received on the 911 radio call and his observations of defendant leaving the vehicle that the 911 caller had described as the police drove toward the vehicle provided the police with an objective credible reason to approach defendant to request information. (See People v Hollman, 79 NY2d 181, 190 [1992]; People v Hope, 237 AD2d 885, 886 [4th Dept 1997], lv denied 90 NY2d 859 [1997].) When they learned that defendant did not have a valid driver’s license and did not know where the car’s owner was, the police were entitled to impound and tow the car for safekeeping. (See People v Figueroa, 6 AD3d 720 [2d Dept 2004], lv dismissed 3 *243 NY3d 640 [2004]; People v Miles, 3 Misc 3d 566, 571 [Rochester City Ct 2003].) Before towing the vehicle, the police were authorized to conduct an inventory search of the car pursuant to standardized procedures. (See People v Johnson, 1 NY3d 252, 256 [2003]; People v Miles, 3 Misc 3d at 571.)
Officer Monrad testified that he conducted the inventory search according to standardized local procedures. According to Officer Monrad, these procedures included checking under the car’s hood, checking the car’s trunk, and checking the car’s compartment boxes. The People therefore satisfied their burden of showing that the inventory search was conducted appropriately. (See People v Johnson, 1 NY3d at 256.)
Conclusion
For the foregoing reasons, defendant Majors’ motion to suppress the cocaine as evidence in this case is denied.

 The court’s conclusion that no unlawful police activity caused defendant to abandon the vehicle is not meant to imply that taking defendant into custody after he answered Officer Monrad’s questions was constitutionally permissible. Nonetheless, assuming that taking defendant into custody prior to the inventory search was unlawful, the police officers’ unlawful conduct occurred after — and did not precipitate — defendant’s abandonment of the car. Stated differently, because the police’s arguable unlawful conduct did not cause defendant to abandon the car, he has no standing to challenge the car’s search.