SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1237**

**KA 10-01927**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

REGINALD ABRAMS, DEFENDANT-APPELLANT.

---

REGINALD ABRAMS, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 6, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On his pro se appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in denying those parts of his omnibus motion seeking suppression of the weapon and his statements to the police. Although the court's bench decision denying defendant's suppression requests is an order within the meaning of CPL 710.70 (2) and thus it is the proper subject of appellate review (*see People v Elmer*, 19 NY3d 501, 507-509), we reject defendant's contentions.

We analyze defendant's contentions pursuant to the four-tiered framework for citizen-police encounters set forth in *People v De Bour* (40 NY2d 210, 223; *see People v Moore*, 6 NY3d 496, 498-499; *People v Hollman*, 79 NY2d 181, 184-185). In addition, we "accord great weight to the determination of the hearing court with its particular advantage of having seen and heard the witnesses" (*People v Williams*, 202 AD2d 976, 976, *lv denied* 83 NY2d 916). Consequently, where, as here, the hearing court's findings are supported by the record, they will not be disturbed (*see People v McLee*, 249 AD2d 995, 995, *lv denied* 92 NY2d 901).

The evidence at the suppression hearing establishes that two Syracuse police officers were patrolling an area in which there had recently been a series of burglaries involving the theft of electronics equipment. They observed defendant, who appeared to be

carrying a laptop computer under his arm.  The officers stopped their vehicle and began to walk toward defendant, but had not yet spoken to him.  At that point, the officers had engaged in, at most, a level one intrusion by approaching defendant in order to seek information based on some objective credible reason not necessarily indicative of criminality (*see Hollman*, 79 NY2d at 185; *De Bour*, 40 NY2d at 223; *People v Rodriguez*, 82 AD3d 1614, 1615, *lv denied* 17 NY3d 800).  Before the officers took any other action, however, defendant said "[t]hey're just jeans," and held up the object he was carrying.  As he did so, the officers clearly observed the outline of a handgun in defendant's sweatshirt.  Furthermore, as they continued to approach defendant but before they spoke, defendant turned and ran, dropping the handgun as he fled.  The officers pursued him and took him into custody.  Consequently, when the officers seized defendant, they had reasonable suspicion to believe that he had committed a crime (*see People v Leung*, 68 NY2d 734, 736-737; *De Bour*, 40 NY2d at 223; *People v Lowe*, 237 AD2d 903, 904, *lv denied* 89 NY2d 1096).

Contrary to defendant's further contention, the court did not abuse its discretion in denying his request for a new attorney without conducting a hearing.  "The decision to allow a defendant to substitute counsel is largely within the discretion of the court to which the application is made . . . [Furthermore, c]ontrary to defendant's implicit contention, he did not establish that there was a complete breakdown in communication with h[is] attorney" (*People v Jackson*, 85 AD3d 1697, 1699, *lv denied* 17 NY3d 817 [internal quotation marks omitted]; *see People v Kobza*, 66 AD3d 1387, 1388-1389, *lv denied* 13 NY3d 939; *see generally People v Linares*, 2 NY3d 507, 510-511).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court