Mjltoh A. Wilts®, J.
Defendant was found guilty of violation of subdivision 5 of section 70 of the Vehicle and Traffic Law by a jury, at a trial before the Honorable Lowell Felder, Justice of the Peace of the Town of Alexandria, on April 13, 1961. Judgment of conviction was entered on that date. An appeal has been taken by the defendant from such conviction.
The transcript of the testimony reveals that two members of the New York State Police were detailed to investigate the *801 presence of a car which was in a stationary position in the middle of a public highway in the Town of Alexandria, in the early morning hours of May 10, 1959. Upon arriving at the place where the car was parked, they found the defendant slumped over the wheel of the car, and another man at the rear of the car in the process of changing a tire. Mo other person was present. They further found that “ guardrails ” on the “ shoulder ” of the road at the rear of the vehicle were freshly broken, and that tracks led from there to the point in the highway where the car was at rest. There was damage to the left front of the car, and white paint on the front fender. The guardrails were painted white.
The officers stated that the defendant told them that he was the operator of the car. The defendant’s companion testified that he, the companion, was not operating the car.
Both officers testified that the defendant’s breath smelled of alcohol; that his speech was incoherent, blurred and thick, and that in their opinion, he was intoxicated. Testimony was also introduced regarding an analysis of the defendant’s blood taken within the prescribed time after his arrest, which revealed that there were 17/100 of 1% of alcohol by weight in the blood.
Among the errors alleged by the defendant, is that the People failed to prove that the defendant was actually operating the vehicle, and failed to prove that the defendant’s intoxication and the operation of the vehicle were simultaneous.
There was ample evidence to show the defendant’s intoxication at the time that the officers investigated the accident.
The facts here are similar to those existing in People v. Blake (5 N Y 2d 118). In the Blake case, the question was whether there was proof of the crime charged, separate and apart from the defendant’s admission. The court answered that question in the affirmative, stating that the proven facts, taken with the declaration of the defendant, were consistent with, and pointed to, defendant’s guilt and were inconsistent with his innocence.
In the instant case there was proof of the crime charged separate and apart from the defendant’s admission.
The condition of the “ guardrails ”, the tracks leading to the automobile, the damage to its fender, the white paint upon same, the condition of the defendant, his position in the car, and the other facts established, appear to point logically to the defendant’s operation of the car to the place in the road where it was found, and to its operation while he was intoxicated. *802 The other errors alleged are not discussed. They are not believed to be prejudicial to any substantial right of the defendant. (Code Grim. Pro., § 764.) The judgment of conviction should be affirmed in all respects.