OPINION OF THE COURT
William H. Bristol, J.
The defendant is charged with operating a motor vehicle while his blood alcohol content exceeded .1 of 1% by weight and while intoxicated contrary to subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law, respectively. Additionally, the defendant was charged with a violation of subdivision (a) of section 1122 of the Vehicle and Traffic Law, “Improper Passing”.
After the People presented their proof and rested, the defendant decided to offer no proof and made application for a trial order of dismissal on all charges. By consent of both attorneys their arguments regarding this application also were treated as their summations. The court dismissed the “improper passing” charge since the People failed to establish a prima facie case, but reserved decision on the balance of the defendant’s application.
*886 The People proved beyond a reasonable doubt that on October 31, 1981 Rochester Police Officer Daniel Woods (hereinafter referred to as Woods) was dispatched to the scene of an automobile accident on Culver Road in the City of Rochester. Upon arrival at approximately 3:45 a.m., he observed a recently damaged vehicle in a traveling lane of Culver Road with its driver’s side door open. Two other nearby cars, which were unoccupied and situated in the parking lanes of Culver Road, wqre also in a damaged condition. As Woods exited his patrol car he noticed five to nine people milling about the accident scene. At this time, the defendant approached Woods and volunteered the admission that he “was the operator of the car”. No other drivers were identified at the scene or anytime thereafter. Observing an apparently injured person slumped in the passenger seat of the damaged vehicle in the traveling lane of Culver Road, Woods placed the defendant in his patrol car and attended to the injured party while the ambulance arrived. As he did, he noticed beer bottles on the driver’s side of the front seat and on the floor of the passenger’s side of this car. After the injured party was removed by ambulance, Woods returned to the defendant to take an investigative statement. In the course of their conversation in the patrol car, defendant again admitted to being the “driver of the vehicle”. He also produced his driver’s license, and the registration and insurance card for the vehicle damaged in the roadway. During this interview, Woods observed that there was blood in the defendant’s nose, that there was a strong smell of alcoholic beverage about the defendant’s person, and that the defendant’s speech was “thick tonged and mushy”. Based on these observations, Woods formed an opinion that the defendant was intoxicated, advised defendant that he was under arrest on the instant charges, and transported him to Genesee Hospital for treatment of injuries and to obtain a sample of his blood. With the defendant’s consent, registered nurse Jennifer Worthy drew two samples of the defendant’s blood and gave them to Woods. Woods delivered those samples to the Monroe County Public Safety Laboratory where chemist Eugene LaDue tested them for their blood alcohol content. These tests, carried out by a competent, professionally qualified *887 forensic chemist using properly operating equipment, revealed that the defendant, at the time his blood was drawn from him by nurse Worthy at 4:00 a.m. on October 31, 1981, had a blood alcohol content of .28 of 1% by weight.
The defendant contends that the facts set out above fail to establish each and every element of the crimes charged and, in the alternative, that they do not do so beyond a reasonable doubt.
More specifically, he argues that the only proof of operation of a motor vehicle is the defendant’s own two admissions given at the scene of the accident. These admissions, defendant claims, are uncorroborated and thus are insufficient proof of “operation”.
CPL 60.50 states: “A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.”
The forerunner of CPL 60.50 was section 395 of the Code of Criminal Procedure. It reads: “A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney, that he shall not be prosecuted therefor; but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.”
Judge Gabrielli has written that: “While the wording of CPL 60.50 differs slightly from that of its 1881 predecessor * * * the Legislature manifested no intention of changing the meaning or requirements of the confession corroboration rule when it enacted the CPL in 1971 (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.50, p 331).” (People v Murray, 40 NY2d 327, 329.)
The policy which underlines CPL 60.50, its predecessor and similar sister State statutory provisions (see Ann., 45 ALR2d 1316) was articulated by the United States Supreme Court in Smith v United States (348 US 147, 153): “Its purpose is to prevent ‘errors in convictions based upon untrue confessions alone’ * * * its foundation lies in a long *888 history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused.” (See, also, People v Murray, supra, at p 331.)
Also, Judge Gabrielli pointed out that there is: “the general distrust of extrajudicial confessions stemming from the possibilities that a confession may have been erroneously reported or construed * * * involuntarily made * * * mistaken as to law or fact * * * or falsely volunteered by an insane or mentally disturbed individual”. (People v Murray, supra, at pp 331-332.)
Case law has determined the exact nature and extent of the “additional proof” (i.e., the corroboration) required by CPL 60.50. In Murray (supra, p 332) Judge. Gabrielli stated: “The additional proof need not be direct evidence linking the defendant to the crime (People v Brasch, 193 NY 46, 59). It suffices to show corroborating circumstances ‘which, when considered in connection with the confession are sufficient to establish the defendant’s guilt in the minds of the jury beyond a reasonable doubt’ (People v Conroy, 287 NY 201, 202). Moreover, it is not necessary that the proof include ‘every reasonable hypothesis save that of guilt’ (People v Cuozzo, 292 NY 85, 92). As we wrote in People v Jaehne (103 NY 182, 199-200) * * * ‘when, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury’ * * * indeed, ‘the statute is satisfied by the production of some proof, of whatever weight, that a crime was committed by someone’ (People v Daniels, 37 NY2d 624, 629, supra).”
In the instant case, the People must prove the following three elements to establish a prima facie case of a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law:
1. That on October 31, 1981 in the City of Rochester the defendant operated a motor vehicle on Culver Road in the City of Rochester;
*889 2. That at the time the defendant operated the motor vehicle, he had 1/10 of 1% or. more by weight of alcohol in his blood, and
3. That the presence of .28 of 1% in the defendant’s blood was determined in accordance with the law.
In order to establish a prima facie case of a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law it is necessary for the People to establish the following two elements:
1. That on or about October 31, 1981 in the City of Rochester the defendant operated a motor vehicle on Culver Road in the City of Rochester;
2. That the defendant operated a motor vehicle while he was in an intoxicated condition as that is defined by People v Cruz (48 NY2d 419).
Of course, proof beyond a reasonable doubt of each element is necessary for a conviction on either charge.
Applying these standards and the principles cited in Murray (supra) to the instant case, this court holds that the People have not only established a prima facie case that the defendant violated subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law but, also, have proved beyond a reasonable doubt that defendant violated both subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law.
The defendant’s admissions of operation must be viewed in the context of the circumstances in which they were uttered. The first admission was spontaneously made at the scene of a motor vehicle accident by a person who voluntarily came forth from a group of some five to nine people. In the patrol car, defendant again admitted operation during the course of producing the registration and insurance papers for the vehicle which was damaged and stopped in the traveling portion of the roadway. This particular vehicle was the only automobile in the traveling portion of the roadway; it was the only vehicle which appeared to be occupied; there was an injured party in the passenger side of the vehicle; the driver’s door was open and the driver’s seat was unoccupied. The other two cars appeared to have been parked cars prior to the accident. *890 All of these facts when viewed in their entirety and in the context of the defendant’s admission satisfy the test in People v Murray (supra) and provide the necessary additional proof to corroborate the defendant’s admissions.
People v Lord, an unpublished decision of the Hon. Andrew G. Celli (Monroe County Ct, July 3, 1979) is distinguishable on its facts. In Lord, Judge Celli found “no evidence that the defendant was driving the van”. The only circumstantial proof that had been offered at trial was the fact that “a Chevy Van was seen off the road” and that it was owned by the defendant. The court rightly concluded that such facts were insufficient corroboration of an admission of operation by the defendant. As the facts here indicate there is ample circumstantial proof of actual operation beyond mere ownership of a car stopped off the road.
Thus this court finds that based upon all of the credible evidence in this case that the People have established a prima facie case and have proved beyond a reasonable doubt that the defendant, Frank Di Vincenzo, on October 31, 1981 in the City of Rochester operated a motor vehicle while his blood alcohol content exceeded .28 of 1% by weight and while he was intoxicated.
Accordingly, this court finds the defendant guilty of violating subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law.