■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT T. SAPLIN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Cortland County (Monserrate, J.), rendered July 26, 1985, convicting defendant following a nonjury trial of two counts of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

The principal point raised on appeal is that the evidence was legally insufficient to establish that defendant operated his vehicle while intoxicated. We disagree. Evidence adduced at the trial was to the effect that defendant's car was found in a remote, unsettled area of Cortland County, parked in and blocking the southbound lane of Routes 41 and 26, and that defendant was asleep in the driver's seat. The investigating officer awakened defendant, determined that he was intoxicated and requested that he step out of the car. Since defendant was not able to stand without support, the officer escorted him to the back seat of the patrol car. Defendant was then given *Miranda* warnings, whereupon he stated that he had been driving alone and was en route from the City of Cortland, headed home. During the course of his investigation, the officer observed that there were no beverage containers in or around defendant's car.

The foregoing facts constitute sufficient evidence from which the trier of fact could infer that defendant operated his car, after having imbibed alcoholic beverages which rendered his blood alcohol level .21%, before stopping at the place where he was found. Any possible hypothesis of innocence was excluded by the proven facts *(see, People v Kennedy,* 47 NY2d 196, 202). Since no alcoholic beverages or containers were found in or around defendant's car and he was parked in a

remote area of the highway, it could not be surmised that he stopped his car, consumed alcohol therein or at a nearby drinking establishment, and then fell asleep in the driver's seat without having operated the car. Likewise, defendant's statement that he was en route from Cortland excluded the possibility that he had been found at the starting point of his journey to which he had proceeded after having become intoxicated. Accordingly, the conclusion of guilt flowed naturally from the proven facts and was established to a moral certainty (see, People v Kennedy, supra). The cases cited by defendant merely hold that intoxication and operation of a vehicle must be simultaneous within the meaning of Vehicle and Traffic Law § 1192. Here, all inferences other than simultaneous operation and intoxication have been excluded. This case is no different than those where a vehicle had come to a stop and was not being operated but had just been involved in an accident and that fact, in conjunction with other circumstances, gave rise to the inference that it had been driven by the intoxicated defendant before it came to rest (see, People v Di Vincenzo, 112 Misc 2d 885; People v La Rose, 31 Misc 2d 800).

Defendant's remaining contentions, that his admissions to the officer were nonconsensual and the product of an illegal detention, are equally without merit. The position of a car obstructing a lane of the highway with defendant asleep in the driver's seat afforded a sufficient basis for the police to make an investigative stop (see, Berkemer v McCarty, 468 US 420, 439-440). Given defendant's obviously intoxicated condition, he was properly requested to exit the car to perform sobriety tests. Since he could not stand without support and was situated in the middle of an unlit highway under foggy conditions, it was entirely appropriate for the officer to escort him to the safety of the patrol car before proceeding with the investigation. Defendant then freely responded to the officer's questions. Neither the circumstances of the investigation nor defendant's level of intoxication, as testified to by the officer, support the inference that defendant's admissions were involuntary or unreliable (see, People v Adams, 26 NY2d 129, 137, cert denied 399 US 931; People v Schompert, 19 NY2d 300, 306, cert denied 389 US 874). Thus, the statements provided probable cause for his arrest and were properly admitted into evidence at trial.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.