People v Martinez (2020 NY Slip Op 05150)





People v Martinez


2020 NY Slip Op 05150


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Ind No. 2010BX074092 Appeal No. 11862 Case No. 2015-01579 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]The People of the State of New York, Respondent,
v
Jason Martinez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jonathan Garelick of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth R. Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Richard L. Price, J.), rendered June 26, 2013, convicting defendant, after a nonjury trial, of driving while ability impaired, and sentencing him to seven days of incarceration, a $400 fine, and completion of a drinking while driving program, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the court's credibility determinations. The evidence established beyond a reasonable doubt that defendant's ability to drive was impaired by the consumption of alcohol (Vehicle and Traffic Law § 1192[1]). The officers' testimony demonstrated that defendant drove in an EZ Pass-only lane without an EZ Pass tag or cash while exhibiting signs of intoxication, including bloodshot eyes, a strong smell of alcohol on his breath, and slurred speech. Defendant admitted to an officer that he had been drinking up to an hour before the incident, and a half-empty bottle of liquor and an empty beer bottle were recovered from his car. Defendant was also observed to be unsteady on his feet, failed sobriety tests administered at the scene and at the precinct and had stated that he would not take a breathalyzer test because he "was going to fail anyway." Furthermore, his refusal to take a breathalyzer test permitted the factfinder to infer that the test would disclose presence of alcohol in his system (see People v Thomas, 46 NY2d 100, 110 [1978]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020