People v Thomas (2021 NY Slip Op 50153(U))

[*1]

People v Thomas (Shon)

2021 NY Slip Op 50153(U) [70 Misc 3d 142(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-899 K CR

The People of the State of New York,
Respondent,
against
Shon Thomas, Appellant. 

Appellate Advocates (Caitlyn Carpenter of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Daniel Berman of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael A. Gary, J.), rendered March 26, 2018. The judgment convicted defendant, after a
nonjury trial, of driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of driving while ability impaired (Vehicle
and Traffic Law § 1192 [1]). On appeal, defendant contends that the trial evidence was
legally insufficient because there was no testimony that defendant was observed driving a motor
vehicle or that his ability to drive was impaired by alcohol. Defendant further asserts that, in any
event, the guilty verdict was against the weight of the evidence.
A defendant is guilty of driving while ability impaired pursuant to Vehicle and Traffic Law
§ 1192 (1) if the trial evidence establishes that, "by voluntarily consuming alcohol, [the]
defendant has actually impaired, to any extent, the physical and mental abilities which he is
expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v
Cruz, 48 NY2d 419, 427 [1979]; see
People v Litto, 8 NY3d 692, 706 [2007]). A conviction of driving while ability impaired
"requires only a showing that the defendant's ability to operate a vehicle was impaired to some
extent" (People v McNamara, 269 AD2d 544, 545 [2000]; see People v Sines, 129 AD3d
1220 [2015]). However, to obtain such a conviction, there is no requirement that the
defendant be observed driving the vehicle; instead, operation of a vehicle can be proven by
circumstantial evidence (see People v Booden, 69 NY2d 185 [1987]; People v
Saplin, 122 AD2d 498 [1986]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op [*2]50621[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]; People v Sieber, 40 Misc 3d 133[A], 2013 NY Slip Op 51143[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2013]; People v Turner, 34 Misc 3d 159[A], 2012 NY Slip Op 50443[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Here, the evidence adduced at trial established that, on the morning of February 20, 2017, a
male placed a 911 call to report that a motor vehicle accident had occurred, which the caller had
not witnessed. However, the caller observed damage to his neighbor's parked vehicle, saw
vehicle fluid on the ground, and traced the fluid around to the corner to a gold Lexus vehicle that
was double parked and stalled. The caller observed a male seated in the Lexus vehicle with his
eyes open, and, notably, made no mention of any other occupants in the vehicle. In addition, the
arresting officer testified that he had received a radio run on the morning of February 20, 2017
concerning a motor vehicle accident involving a gold Lexus and a parked Mercedes. The
arresting officer responded to the same location that the male 911 caller had provided, and
observed a gold Lexus that had heavy front end damage, with defendant standing next to the
driver's side of that vehicle. Defendant then entered the driver's seat of the Lexus and closed the
door. The vehicle's keys were in the ignition and its engine was running. The officer instructed
defendant to exit the vehicle. With defendant standing "less than three feet" from the officer, the
officer observed that defendant was unsteady on his feet, had bloodshot eyes, and had an odor of
alcohol on his breath. Defendant informed the officer that he had "had two beers." Furthermore,
an officer from the Intoxicated Driver Testing Unit testified that he, while at Brookdale Hospital
shortly after defendant's arrest, observed that defendant had a moderate odor of an alcoholic
beverage on his breath, and his eyes were bloodshot and watery.
In view of the foregoing, the evidence establishes that defendant's vehicle hit the parked
Mercedes vehicle, that he continued driving the Lexus vehicle to the location around the corner
where it stalled, and that he did so while his ability had been impaired by the consumption of
alcohol, "even though there is no direct proof that he drove [his vehicle]" (People v
Blake, 5 NY2d 118, 120 [1958]; see
People v Fenger, 68 AD3d 1441 [2009]; Saplin, 122 AD2d at 499
[circumstantial evidence permits the inference that a vehicle "had been driven by the . . .
defendant before it came to rest"]; Sieber, 40 Misc 3d 133[A], 2013 NY Slip Op
51143[U]). Consequently, viewing the evidence in the light most favorable to the People (see
People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient
to establish defendant's guilt of driving while ability impaired beyond a reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their
demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v
Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Wu, 63 Misc 3d 159[A],
2019 NY Slip Op 50867[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). This court
weighs the relative probative force of conflicting testimony and the relative strength of
conflicting inferences that may be drawn from the testimony. This court must then determine,
based on the credible evidence, whether a different result would not have been unreasonable
(see Romero, 7 NY3d 633; Bleakley, 69 NY2d at 495). Upon our independent
review (see CPL 470.15 [5]; Danielson, 9 NY3d 342), we find that the guilty
verdict was not [*3]against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021