People v Razzak (2021 NY Slip Op 50935(U))

[*1]

People v Razzak (Akib)

2021 NY Slip Op 50935(U) [73 Misc 3d 129(A)]

Decided on October 5, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570021/17

The People of the State of New York,
Respondent,
against
Akib Razzak, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.) rendered December 14, 2016, after a jury trial, convicting
him of driving while impaired by drugs, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered December 14, 2016, modified,
as a matter of discretion in the interest of justice, to the extent of vacating the mandatory
surcharge, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to
disturb the jury's credibility determinations. The evidence established beyond a reasonable doubt
that defendant's ability to drive was impaired by the use of drugs (see Vehicle and Traffic
Law § 1192[4]). The officers' testimony demonstrated that defendant drove through a red
light, almost hitting a pedestrian in the crosswalk, while exhibiting signs of impairment,
including watery eyes and slurred speech. Defendant admitted that he smoked marijuana two
hours earlier, his car smelled of marijuana and two burnt marijuana cigars were discovered in the
vehicle. Furthermore, defendant's refusal to take a urine test permitted the factfinder to infer that
the test would disclose the presence of marijuana in his system (see Vehicle and Traffic
Law § 1194[2][f]).
The court providently exercised its discretion in denying defendant's challenge for cause to a
prospective juror (see People v Warrington, 28 NY3d 1116, 1120-1121 [2016];
People v Arnold, 96 NY2d 358, 362-363 [2001]), who indicated that it was "very likely"
that defendant was guilty if he refused to take a urine test. The panelist's statements "in context
and as a whole" did not cast serious doubt on her ability to follow the court's instructions and
render an impartial verdict based on the evidence adduced at trial (People v Chambers, 97
NY2d 417, 419 [2002]; see People v
Toledo, 101 AD3d 571 [2012], lv denied 21 NY3d 947 [2013]). Indeed, the
statement at issue was compatible with the inference the factfinder can draw from a refusal to
[*2]take a urine test (see People v Thomas, 46 NY2d 100,
110 [1978], appeal dismissed 444 US 891 [1979]; People v Martinez, 186 AD3d 1165, 1166 [2020]). We note that
defendant did not avail himself of the opportunity to ask panelist any follow-up questions. 
Defendant was convicted before the enactment of CPL 420.35(2-a), which permits the
waiver of surcharges and fees for persons who, like defendant, were less than 21 years old at the
time of the subject crime. However, based on the People's consent as a matter of prosecutorial
discretion, and pursuant to our own interest of justice powers, we waive the surcharge and fees
imposed on defendant at sentencing (see
People v Chirinos, 190 AD3d 434 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2021