People v Tate (2022 NY Slip Op 50150(U))

[*1]

People v Tate (Anthony)

2022 NY Slip Op 50150(U) [74 Misc 3d 132(A)]

Decided on February 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-112 K CR

The People of the State of New York,
Respondent,
against
Anthony Tate, Appellant. 

Appellate Advocates (Emily T. Lurie of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Denise Pavlides of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Elizabeth N. Warin, J.), rendered December 5, 2018. The judgment, insofar as appealed from as
limited by the brief, convicted defendant, after a nonjury trial, of driving while ability impaired,
and imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is affirmed.
Following a nonjury trial, defendant was convicted of driving while ability impaired (Vehicle
and Traffic Law § 1192 [1]) and double parking (34 RCNY 4-08 [f] [1]). As limited by the
brief, defendant appeals from so much of the judgment as convicted him of driving while ability
impaired, contending that the conviction was based on legally insufficient evidence and was
against the weight of the evidence because the People failed to prove that he had operated a
vehicle while impaired by alcohol.
Viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d
620, 621 [1983]), the evidence established that defendant was discovered by police officers
unconscious in the driver's seat of a vehicle, which was double parked, with the engine on; that
defendant exhibited various indicia of intoxication upon being administered field sobriety tests;
and that defendant had admitted to having had a "couple of drinks." This evidence was legally
sufficient to support defendant's conviction of driving while ability impaired (see People v Thomas, 70 Misc 3d
142[A], 2021 NY Slip Op 50153[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]; People v Fasano, 60 Misc 3d 149[A], 2020 NY Slip Op 50271[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2020]). Additionally, we find, upon a review of the record,
that defendant's conviction of this offense was not against the weight of the evidence (see People [*2]v General, 67 Misc 3d 129[A], 2020 NY Slip 50412[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 25, 2022