People v McGee (2024 NY Slip Op 50050(U))

[*1]

People v McGee (James)

2024 NY Slip Op 50050(U)

Decided on January 23, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570368/16

The People of the State of New York, Respondent,
against
James McGee, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered April 27, 2016, after a nonjury trial, convicting him of driving while ability impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered April 27, 2016, affirmed.
The court properly denied defendant's suppression motion. The record supports the court's finding that defendant was not in custody when he made statements to the police (see People v Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]). The credited evidence established that defendant was simply standing next to his damaged vehicle when the officers approached him at the scene of a reported automobile accident (see People v Bennett, 70 NY2d 891, 893-894 [1987]). Defendant was neither handcuffed nor surrounded by police, and the words and actions of the officers did not convey to defendant reason to believe that he had been placed in custody (see People v Hernandez, 217 AD3d 460 [2023]), but rather that the officers were responding to an emergency situation and "were still in the process of gathering information about the alleged incident prior to taking any action" (People v Dillhunt, 41 AD3d 216, 217 [2007], lv denied 10 NY3d 764 [2008]). 
The police had probable cause to arrest defendant at least for driving while impaired (see Vehicle and Traffic Law § 1192[1]), based upon defendant's statements that he was driving and had been in an accident, and the officers' observation of defendant's bloodshot, watery eyes, the "strong" smell of alcohol on his breath, and his unsteady gait (see People v Reyes, 136 AD3d 443 [2016]; People v McCarthy, 135 AD2d 1113 [1987]; People v Blajeski, 125 AD2d 582, 582-583 [1986], lv denied 69 NY2d 877 [1987]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis upon which to disturb the court's determinations concerning credibility. The conviction was supported by the [*2]same evidence that supported the hearing court's finding, as well as the inference of consciousness of guilt arising from defendant's refusal to take an Intoxilyzer test (see Vehicle and Traffic Law § 1194[2][f]). This evidence established beyond a reasonable doubt that defendant's ability to drive was impaired by the consumption of alcohol (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 466 US 901 [1980]; People v Martinez, 186 AD3d 1165 [2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 23, 2024