People v Carpio (2025 NY Slip Op 50188(U))

[*1]

People v Carpio (Rocael)

2025 NY Slip Op 50188(U)

Decided on February 13, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., GRETCHEN WALSH, JOSEPH R. CONWAY, JJ

2023-1233 W CR

The People of the State of New York, Respondent,
against
Rocael Bonilla Carpio, Appellant. 

Thomas R. Villecco, for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Pelham, Westchester County (John P. Gardner, J.), rendered October 19, 2023. The judgment convicted defendant, after a nonjury trial, of driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). At a nonjury trial, the arresting officer testified that he was "dispatched to the area of Colonial Avenue for a single car motor vehicle accident" where he found defendant standing next to the driver's side door of a vehicle with the keys in the ignition and the engine running. The vehicle was crashed into a tree, the front of the vehicle was facing south on a road that runs in an east-west direction, and there was blood on the driver's side of the vehicle. The arresting officer further testified that defendant appeared disoriented and had a bloody nose, admitted to drinking two beers and driving the vehicle, and that he smelled alcohol on defendant's breath and body. The arresting officer conducted two field sobriety tests, which defendant failed. Defendant refused to take a breath test. After the People rested, defendant presented no evidence. Following the trial, the Justice Court (John P. Gardner, J.) convicted defendant of the lesser [*2]included offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). On appeal, defendant contends that the verdict was against the weight of the evidence. 
In conducting an independent review of the weight of the evidence (see CPL470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the verdict convicting defendant of driving while ability impaired was not against the weight of the evidence, given defendant's admissions, the nature of the accident, and other indicia of impairment observed by the arresting officer (see e.g. People v Sines, 129 AD3d 1220, 1220-1221 [2015]; People v Gelster, 256 AD2d 1133, 1133 [1998]; People v McGee, 81 Misc 3d 138[A], 2024 NY Slip Op 50050[U], *1-2 [App Term, 1st Dept 2024]; People v Tate, 74 Misc 3d 132[A], 2022 NY Slip Op 50150[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; People v Lloyd, 49 Misc 3d 135[A], 2015 NY Slip Op 51475[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Biondo, 47 Misc 3d 154[A], 2015 NY Slip Op 50819[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Defendant's contention that he appeared disoriented and failed the field sobriety tests due to a head injury was unsupported by any medical evidence (cf. People v McRobbie, 97 AD3d 970, 971 [2012]; People v Malfetano, 64 Misc 3d 135[A], 2019 NY Slip Op 51147[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]), and, therefore, it does not appear that the factfinder failed to give the evidence the weight it deserved. Defendant's remaining contentions are without merit. 
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., WALSH and CONWAY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 13, 2025