People v Burgos (2025 NY Slip Op 51407(U))

[*1]

People v Burgos (Joseph)

2025 NY Slip Op 51407(U)

Decided on September 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570181/19

 The People of the State of New York, Respondent, 
against
Joseph Burgos, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (David Frey, J.), rendered November 20, 2018, after a jury trial, convicting him of driving while impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (David Frey, J.), rendered November 20, 2018, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established beyond a reasonable doubt that defendant's ability to drive was impaired by the consumption of alcohol (see Vehicle and Traffic Law § 1192 [1]). The officer's testimony showed that at 3:30 a.m., defendant improperly turned left and headed east into four lanes of westbound traffic on West Houston Street, then drove over the median to get onto one of the eastbound lanes, and almost hit two pedestrians near the front of his car. After being stopped, defendant exhibited signs of intoxication, including bloodshot eyes, slurred speech and an odor of alcohol on his breath (see People v Cruz, 48 NY2d 419, 426-428 [1979]; People v Martinez, 186 AD3d 1165, 1165-1166 [2020]). Defendant also performed poorly on three sobriety tests, including the horizontal gaze nystagmus test. 
Any discrepancies and inconsistencies in the officers' testimony or challenges to their credibility based on their individual observations of defendant's condition were fully explored by defense counsel on cross-examination and we find no basis to disturb the jury's resolution of the issues (see People v Jones, 79 AD3d 1073, 1073-1074 [2010], lv denied 17 NY3d 954 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 11, 2025