People v Del Rosario-Martinez (2026 NY Slip Op 50253(U))

[*1]

People v Del Rosario-Martinez (Ronny)

2026 NY Slip Op 50253(U)

Decided on March 3, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570062/19

The People of the State of New York, Respondent,
againstRonny Del Rosario-Martinez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Steven J. Hornstein, J.), rendered October 31, 2018, after a nonjury trial, convicting him of driving while impaired and leaving the scene of an incident, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven J. Hornstein, J.), rendered October 31, 2018, affirmed.
The verdict convicting defendant of driving while ability impaired by alcohol (see Vehicle and Traffic Law § 1192 [1]) and leaving the scene of an incident without reporting (see Vehicle and Traffic Law § 600 [1] [a]) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations, including its assessment of police testimony that defendant's vehicle crashed into an unoccupied double-parked car at approximately 3:00 a.m., causing a loud boom, and then drove away. When stopped by police about three blocks from the scene, defendant exhibited classic signs of intoxication, including bloodshot and watery eyes, slurred speech, an odor of alcohol on his breath, and was unbalanced and unsteady on his feet (see People v Cruz, 48 NY2d 419, 426-428 [1979]; People v Martinez, 186 AD3d 1165, 1165-1166 [2020]). Any discrepancies and inconsistencies in the arresting officers' testimony or challenges to their credibility were fully explored by defense counsel on cross-examination and we find no basis to disturb the court's resolution of the issues (see People v Jones, 79 AD3d 1073, 1073-1074 [2010], lv denied 17 NY3d 954 [2011]).
The new evidence referred to in defendant-appellant's briefs "was not before [Criminal] Court prior to the judgment of conviction being rendered and constitute matter dehors the record, [*2]which may not be considered on direct appeal from the judgment" (People v Saka, 197 AD3d 1331, 1332 [2021], lv denied 37 NY3d 1099 [2021]). A CPL 440.10 proceeding is the appropriate forum for considering such material with respect to the subject judgment of conviction (see CPL 440.10 [1] [g]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the CourtDecision Date: March 3, 2026